UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| JAMES GOFFE, | : Case No. 3:18-cv-00115 |
| --- | --- |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
|  | : Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. A "disability" in this context refers to "any medically determinable physical or mental impairment" that precludes an applicant from engaging in "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

Plaintiff James Goffe applied for a Disability Insurance Benefits, a period of benefits, and Supplemental Security Income, stating that his disability started on August 1, 2014. Administrative Law Judge (ALJ) Mark Hockensmith—and hence the Social Security Administration—denied Plaintiff's applications based on the conclusion that he

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

was not under a "disability" as defined in the Social Security Act. (Doc. #6, *PageID* #s 59-73).

Plaintiff brings the present case contending (in part) that ALJ Hockensmith erred when evaluating the medical evidence, including the opinions of his treating physician, Dietrice Eileen Chapman, MD. Plaintiff seeks a remand of this case for payment of benefits or, at a minimum, for further proceedings. The Commissioner finds no error in the ALJ's decision and asks the Court to affirm rather than remand.

## II. Background

Plaintiff was forty-three years old on his asserted disability onset date. He has a high-school education and worked in the past as a construction superintendent and a construction worker.

The ALJ discussed the medical evidence in his decision and the parties refer to the ALJ's factual references without repeating them. The undersigned will do likewise, in the interest of judicial economy, and will also highlight some of the medical evidence.

X-rays of Plaintiff's thoracic and lumbar spine in November 2014 revealed mild degenerative changes, most significant at L5-S1. (Doc. #6, *PageID* #928). Physical examination disclosed decreased range of motion, tenderness, pain, and spasm in his thoracic and lumbar back. *Id*. at 863. A few days later, a physical-therapy evaluation noted that Plaintiff exhibited pain, decreased strength, decreased range of motion, decreased flexibility, joint hypermobility/hypomobility, and decreased function due to chronic low back pain. *Id*. at 1048-1049.

In December 2014, Plaintiff underwent a neurosurgical evaluation. *Id*. at 382-86,

1043-47. The examination revealed a "very antalgic gait with wide, short steps." *Id*. He had limited range of motion at the waist, and straight-leg raise was positive at 40 degrees on the left and 90 degrees on the right, and caused him lumbar pain. *Id*. at 1047. A CT scan in mid-December 2014 revealed advanced degenerative disc changes at L5-S1 with central and bilateral foraminal stenosis. *Id*. at 388-89, 575, 1041.

A physician performed an EMG on Plaintiff in May 2015. The test showed:

1. Findings consistent with a moderate sensorimotor peripheral neuropathy likely due to his history of DM [diabetes mellitus]

2. Focal acute neuropathic abnormalities noted in the bilateral lower lumbar paraspinas, which are non-specific findings in the absence of neuropathic changes in the lower limb musculature. These may be related to focal early nerve root irritation, muscle injury, or significant facet arthropathy.

*Id*. at 576.

Plaintiff's physical exam in April 2016 showed decreased range of motion in his lumbar spine with tenderness, pain, and spasm. *Id*. at 893. He was using a cane and reported that physical therapy had been no great help. *Id*. at 892.

Dr. Chapman referred Plaintiff to pain management for intractable low-back pain because "conservative care" had failed. *Id*. at 1164. Neurosurgeons had not recommended surgery "as it would be extensive and would be high risk given medical comorbidities including having implantable defibrillator." *Id*.

In October 2016, Plaintiff saw Dr. Andreas H. Syllaba for a pain-management evaluation. Dr. Syllaba noted that Plaintiff had severe low back and hip pain in addition to severe numbness and tingling in the entire bilateral lower extremities. *Id*. at 1161. Dr. Syllaba observed that Plaintiff had a moderate to severe antalgic gait with short steps and

3

that he ambulated with a cane. *Id*. at 1163. He exhibited tenderness and restricted range of motion of the lumbar spine. *Id*. Dr. Syllaba "reviewed imaging lumbar [] CT with remarkable facet arthropathy and severe DDD L5-S1." *Id.* at 1164.

In January 2014, treating physician Dr. Chapman completed a Basic Medical form. She opined that Plaintiff could stand and walk for 2 hours and sit for 2 hours in an 8-hour workday. *Id*. at 437. He could frequently lift up to 10 pounds and occasionally lift up to 5 pounds. *Id*. He was extremely limited in his ability to bend and perform repetitive foot movements and markedly limited in his ability to reach. *Id*.

Dr. Chapman also completed interrogatories and a form concerning Plaintiff's work abilities, indicating that he was unable to perform full-time sedentary work and that he essentially would not be a reliable employee due to his impairments. *Id*. 760-73.

### III. Standard of Review and ALJ Hockensmith's Decision

Review of ALJ Hockensmith's decision considers whether he applied the correct legal standards and whether substantial evidence supports his findings. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); see Lawson v. Comm'r of Soc. Sec., 3:17cv119, 2018 WL 3301421, at *4 (S.D. Ohio 2018) (Ovington, M.J.), *Report & Recommendations adopted*, 2018 WL 3549787, at *1 (S.D. Ohio 2018) (Rice, D.J.).

The ALJ reviewed the evidence and evaluated Plaintiff's disability assertion under a each of the 5 sequential steps set forth in the Social Security Regulations. *See* 20

4

C.F.R. §§ 404.1520, 416.920.[2]  His more pertinent findings began at Steps 2 and 3 where he found that Plaintiff had severe impairments—degenerative disc disease and diabetes mellitus—and that his impairments did not automatically qualify him for benefits.  (Doc. #6, *PageID* #61-63).

At step 4, the ALJ concluded that the most Plaintiff could do (his residual functional capacity, *see Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work" with 12 specific limitations—for example, "(1) standing/walking only four hours in an eight-hour day; (2) sitting for six hours in an eight-hour workday; (3) requires the ability to change positions every 30 minutes …." *Id*. at 63-71.  The ALJ's assessment of Plaintiff's residual capacity for limited light work led him to conclude that Plaintiff could not perform his past relevant work.

The ALJ found at step 5 that Plaintiff retained the ability to perform a significant number of jobs that exist in the national economy.  These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability.  *Id.* at 72-73.

## IV.   Discussion

Plaintiff contends that the ALJ applied incorrect legal standard when weighing Dr. Chapman's opinions and further erred by interpreting raw medical data and reaching his own lay medical findings.

---

[2] Citations to social security regulations will identify the pertinent Disability Insurance Benefits regulation with full knowledge of the corresponding Supplemental Security Income regulation.

5

The Commissioner maintains that by focusing on the ALJ's finding that Dr. Chapman's opinions were "not fully supported" by the record—as opposed to "not well supported by the record—places form over substance. The Commissioner argues the ALJ (1) cited the treating source rule and correctly described its legal criteria, (2) listed and considered the remaining regulatory factors; (3) focused on and referenced objective medical evidence when explaining why the record does not support Dr. Chapman's opinions; and, (4) noted that Plaintiff's examinations failed to show significant problems with loss of strength or reduced range of motion in his upper extremities. Proceeding in this manner, the ALJ provided good reasons for not adopting Dr. Chapman's opinion and thus applied the correct legal criteria, according to the Commissioner.

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length,

frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id*. (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id*. Substantial evidence must support the reasons provided by the ALJ. *Id*.

The ALJ declined to place either controlling or deferential weight on the opinions of Plaintiff's long-term treating physician, Dr. Chapman, "as they are not fully supported by the record." (Doc. #6, *PageID* #71). This imposes an incorrect legal standard. Social Security Regulations do not require the medical evidence to fully support a treating medical source's opinions. Rather, under the treating-source rule, ALJs first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic and not inconsistent with other substantial evidence in the case record; if the opinion meets these criteria, the ALJ must give it "controlling weight; *i.e.*, it must be adopted." Social Sec. Ruling 96-2p, 1996 WL 374188, at *2 (July 2, 1996); *see* 20 C.F.R. § 404.1527(c); *see also Rogers*, 486 F.3d at 242.

"For a medical opinion to be well-supported by medically acceptable clinical and laboratory diagnostic techniques, it is not necessary that the opinion be fully supported by

7

such evidence." Ruling 96-2p, 1996 WL 374188, *2. *Id*. Similarly, the "term [not inconsistent] is used to indicate that a well-supported opinion need not be supported directly by all the other evidence as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." *Id*. at *3. By requiring the evidence to fully support Dr. Chapman's opinions, the ALJ measured Dr. Chapman's opinions against a higher legal standard than Social Security law imposes. This constitutes reversible error because "[a]n ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence even where the conclusion of the ALJ may be justified based upon the record.' " *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citation omitted)).

The Commissioner views this problem in the ALJ's decision as one of form over substance. The Commissioner relies on the ALJ's recitation of the treating-source rule and remaining legal criteria. *See* Doc. #6, *PageID* #70. The ALJ, however, did not apply these legal criteria to Dr. Chapman's opinions. He instead applied the incorrect rule that required her opinions to be fully supported by the record. This was not an error of form; it was an error of substance.

The Commissioner also contends that substantial evidence supports the ALJ's assessment of Dr. Chapman's opinions and that Plaintiff misses the mark by asking the Court to reweigh the evidence. These contentions lack merit because the ALJ applied an incorrect legal standard when weighing Dr. Chapman's opinions. Assuming there is substantial evidence supporting the ALJ's decision fails to eliminate the error. "(E)ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld

where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting in part *Bowen*, 478 F.3d at 746 and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). The ALJ's error prejudiced Plaintiff's case because it led the ALJ to place little weight on Dr. Chapman's opinions. If credited, Dr. Chapman's opinions support the conclusion that Plaintiff was no longer able to perform full-time work or engage in any substantial gainful employment.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

**V.      Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence 4 may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff James Goffe was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the Court's docket.

<u>July 29, 2019</u>  *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).