UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES HAROLD GOFFE, | : | Case No. 3:18-cv-115 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington (by full consent of the parties) |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**DECISION & ORDER**

This matter is before the Court on a Motion for Allowance of Attorney Fees filed by counsel for Plaintiff James Harold Goffe (Doc. # 17), as well as the same attorney's Amended Motion for Allowance of Attorney Fees. (Doc. #20). In his Response to Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #21), Defendant Commissioner of Social Security states that he has "no objection" to the fee award requested.

For the reasons that follow, the motion is granted.

**Factual & Procedural Background/The Parties' Claims**

On April 12, 2018, Plaintiff Goffe filed an appeal in this Court from the Commissioner's denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income. (Doc. #2). On July 29, 2019, this

1

Court issued a Report and Recommendation recommending that the Commissioner's non-disability finding be vacated and this matter be remanded for further proceedings (Doc. #12). Judge Walter H. Rice later adopted that Report and Recommendation and judgment was entered in Plaintiff's favor. (Docs. #13, 14). The Court also granted the parties' joint motion for attorney's fees under the Equal Access to Justice Act ["EAJA"] (*see* Doc. #15), and awarded Plaintiff's counsel fees totaling $3,400 pursuant to the EAJA. (Doc. #16).

Following a successful resolution of Plaintiff's claims on remand, his attorney now seeks a fee award under 42 U.S.C. § 406(b) in the amount of $15,000. (Docs. #17, 20). Both the original and amended motions are accompanied by a copy of counsel's contingency fee agreement with Plaintiff, which provides for attorney fees after a successful appeal in the amount of 25 percent of any past due benefits awarded to Plaintiff and his beneficiaries, "or a minimum of $3000.00, whichever is greater." (*Id.*, Exh. A). Also attached are copies of three Notices of Award from the Social Security Administration, stating the separate past due amounts awarded to Plaintiff (more than $88,000 through August 2020) and his two dependent children ($22,043.50 each) (*id.*, Exhs. B and B-1), as well as counsel's affidavit verifying itemized billing statements that show a total of 22.7 hours of legal services expended before this Court. (*Id.*, Exh. C).

Counsel's amended motion seeks the same amount of fees on the same basis as the original, but clarifies that the Commissioner "does not intend to object to the reasonableness" of the fees requested, even though he does not "consent" to the motion. (Doc. #21, p. 1). Defendant's subsequent response confirms that the Commissioner has no objection to the $15,000 attorneys' fee request. (Doc. #22). More specifically, the Commissioner emphasizes that while he does not agree with every argument Plaintiff's counsel offers in support of the fee request (*id.*, pp. 1-2), the Commissioner unequivocally "is not concerned that the request amounts to a windfall." (*Id.*, p. 2).

## **Applicable Law**

Pursuant to 42 U.S.C. § 406(b)(1)(A), a Social Security claimant who receives a favorable judgment in federal court may be awarded reasonable attorney's fees in an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." That fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id.* Successful claimants may be awarded fees under both Section 406 and the EAJA, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather, "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. "Within the 25 percent boundary, * * * the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Fee awards that would amount to a "windfall" are not reasonable. *Id*. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (*en banc*); *Wells v. Sullivan,* 907 F.2d 367, 374 (2d Cir. 1990)).

The Sixth Circuit Court of Appeals has acknowledged that district courts have "license to consider the hourly rate represented by an attorney's 25% fee," and that "[c]alculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Hayes v. Sec'y of Health & Human Servs*., 923 F.2d 418, 421-422 (6th Cir. 1990) (quoting *Rodriquez*, 865 F.2d at 746). However, according to that same Court,

> a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id*. at 422 (citing *Rodriquez, supra*).

4

Accordingly, "'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable,'" while "'a hypothetical hourly rate that is equal to or greater than twice the standard rate *may well be reasonable*.'" *Lasley v. Comm'r of Soc. Sec*, 771 F.2d 308, 309 (6th Cir. 2014) (emphasis added) (quoting *Hayes,* 923 F.2d at 421). "'Reasonableness' remains the heart of the matter." *Pierce*, 2016 WL 1294554, at *2.

## Analysis

Here, the record amply supports the reasonableness of counsel's $15,000 fee request. The copy of counsel's written fee agreement with Plaintiff confirms that, if an appeal were required, Plaintiff agreed to pay attorney's fees in the amount of 25 percent of any past-due benefits awarded. (*See* Doc. #17, Exh. A). Counsel's attached affidavit further establishes that all of the attorneys who represented Plaintiff in this matter are highly qualified and experienced in the area of social security law. (*See id.*, Exh. C). The attached itemized billing statement reflects 22.7 hours devoted by that law firm to representing Plaintiff before this Court. (*Id.*). Finally, the $15,000 counsel seeks represents far less than 25 percent of the past-due benefits the Social Security Administration awarded to Plaintiff and his beneficiaries. (*See id.*, Exhs. B, B-1).

Under the circumstances of this case, the Court finds that the hypothetical hourly rate[1] acquired by dividing $15,000 in fees by the attorney hours expended herein is reasonable. Judges within this district previously "have approved hypothetical hourly rates above $700.00." *Lee v. Comm'r, Soc. Sec. Admin.*, No. 3:14-CV-291, 2018 WL 2999909, at *1 (S.D. Ohio June 15, 2018) (citations omitted). As Judge Walter H. Rice observed in *Lee*, "almost all attorneys who handle social security appeals take these cases solely on a contingency fee basis." *Id*. at *2. Given "the fluctuating, risk-driven nature of contingency fees," *id*. at *3 (quoting *Pierce v. Colvin*, No. 3:10-cv-349, 2016 WL 1294554, at *3 (S.D. Ohio Apr. 4, 2016)), such fees "generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Id.* (quoting *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).

In light of the substantial risk undertaken by attorneys in accepting social security representation on a contingent fee basis, the Court agrees with the Commissioner's assessment that counsel here will not experience a "windfall"

---

[1] In the memorandum supporting his motion, Plaintiff's counsel asserts that the mean hourly rate produced by a $15,000 fee for 22.7 hours of work would be $660.70 (Doc. #17, p. 3); this Court's own calculation yields a slightly higher hypothetical rate of $681.82 per hour. However, Plaintiff argues that when the $15,000 fee is offset by the $3,400 in fees previously awarded under EAJA, the hourly rate paid by Plaintiff out-of-pocket falls to $511.01 ($11,600 divided by 22.7 hours). The Commissioner disputes counsel's methodology, urging that compensating paralegal time at a substantially lower rate than attorney time in this case would result in an even higher hourly rate of approximately $763.36 for attorney time. (Doc. #22, pp. 1-2). Regardless of the particular methodology employed, however, this Court concludes that the resulting hypothetical hourly rate falling within that range is not unreasonable.

simply because the 25 percent contingency fee rate agreed to by Plaintiff will yield a high hourly rate. (*See* Doc. #22, pp. 1, 2). Especially given the absence of any objection from the Commissioner, the motion for attorneys' fees in the amount of $15,000 is well taken.

## Conclusion

**IT THEREFORE IS ORDERED THAT**:

1. Attorney Michael A. Rake's Motion for Allowance of Attorney Fees (Doc. #17) and Amended Motion for Allowance of Attorney Fees (Doc. #20) are GRANTED;

2. Pursuant to 42 U.S.C. § 406(b), Defendant Commissioner of Social Security is DIRECTED to remit to counsel for Plaintiff James Harold Goffe attorneys' fees in the amount of $15,000, which represents less than 25 percent of the past due benefits awarded to Plaintiff and his ancillary beneficiaries;

3. Plaintiff's counsel is DIRECTED to remit to Plaintiff the $3,400 in attorneys' fees previously awarded to him under the Equal Access to Justice Act (Doc. #16); and

4. This matter is TERMINATED on the docket of this Court.

October 21, 2021

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge